# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

JULIO LUIS PAULINO,

          Debtor.

Case No. A09-00913-DMD
Chapter 13

**Filed On 2/9/10**

## MEMORANDUM RE STAY

      Julio Paulino is a contractor/handyman who also breeds dogs and fights both as a boxer and in mixed martial arts contests.  He purchased a home at 3411 Amber Bay Loop in Anchorage in May, 2007.  The purchase price for the property was $310,000.00.  Mr. Paulino made a down payment of $50,000.00.  There was dry rot in the crawl space.  Paulino spent substantial sums removing the dry rot and making other improvements to the property.  At some point he decided to rent the property.  The tenants generally trashed the home and left it in a state of disrepair.

      Paulino filed a chapter 13 petition on December 4, 2009.  Creditor Gerald Thompson holds the first mortgage on the Amber Bay home.  Thompson filed a motion for relief from stay on December 18, 2009, which Paulino opposed.  A final hearing on the relief from stay motion was held on February 3, 2010.  At the hearing, Jerry Richie, a realtor employed by creditor Gerald Thompson, estimated that $25,000.00 in repairs would be needed to make the property market-ready.  Lisa Huston, a real estate broker who has used

Paulino for maintenance work, said she believed it would only cost $2,000.00 to $4,000.00 to make the needed repairs, with the debtor doing the work.

There was also a spread in the estimated value for the home. As-is, Richie valued the property at $298,000.00. Huston believed the as-is value was $319,000.00 to $320,000.00. If the necessary repairs were made, Richie thought the home would be worth $340,000.00. In market-ready condition, Huston valued the home at $334,567.00.

There are substantial liens against the home. They include:

| | |
|---|---:|
| Gerald Thompson  (first mortgage) | $265,254.85 |
| Municipality of Anchorage  (taxes) | 12,000.00 |
| Shelly Krohn  (second mortgage) | 35,000.00 |
| NCO Portfolio  (judgment lien) | 24,000.00 |
| Bayshore Homeowners Ass'n  (dues) | 1,200.00 |
| TOTAL LIENS: | $337,454.85 |

The NCO Portfolio judgment lien is questionable. NCO has filed an unsecured proof of claim in this bankruptcy case for $15,417.80. The claim doesn't indicate that NCO holds a security interest in the debtor's home. Assuming a judgment lien did exist, it might be avoidable by the debtor under 11 U.S.C. § 522(f) if it impaired the debtor's homestead rights. Eliminating the NCO lien would leave encumbrances of just over $313,000.00 against the property. If the needed improvements were made, and assuming a sale price of $337,500.00 and transaction costs of 6.5% (or $22,000.00), there could even be a small homestead equity of about $2,100.00 remaining for the debtor.

2

I make the following conclusions. The payments of $2,300.00 per month to Mr. Thompson, plus the maintenance of insurance on the property, constitute adequate protection for this creditor. Thompson is not entitled to retroactive relief from stay so long as these payments are made and the home is insured. Relief from stay under 11 U.S.C. § 362(d)(1) is not appropriate at this time.

With regard to 11 U.S.C. § 362(d)(2), I find the present value of the property to be $310,000.00. Excluding the NCO Portfolio judgment lien, there are still $312,000.00 in valid liens against the property. There is no equity in the property, in its current condition, under § 362(d)(2). But, the property is essential to the debtor's reorganization. He can build sweat equity in the home by making it sale-ready. A sale of $337,500.00 will pay Thompson, the Municipality of Anchorage and Shelly Krohn in full while possibly giving the debtor a small homestead equity payment. This assumes the debtor can avoid the NCO Portfolio judgment lien. 11 U.S.C. § 362(d)(2)(A) and (B) are in the conjunctive. While the debtor currently holds no equity in the property, the property is essential to his reorganization because it provides a means for paying additional creditors. Both elements of § 362(d)(2) must be met to obtain relief from stay.[1]

For the foregoing reasons, Mr. Thompson's motion for relief from stay will be denied at this time. His interest in the property will be adequately protected so long as the

---

[1] 3 *Collier on Bankruptcy* ¶ 362.07[4] (N. Alan Resnick & Henry J. Sommer eds., 15th ed. rev. 2009).

3

debtor makes the monthly payments of $2,300.00 and maintains insurance on the home. An order will be entered consistent with this memorandum.

DATED: February 9, 2010.

BY THE COURT

 /s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:   C. Johansen, Esq.
W. Artus, Esq.
L. Compton, Trustee
U. S. Trustee

02/09/10